

**FILED**
September 22, 2021 03:36 PM
SX-2019-MC-00033
TAMARA CHARLES
CLERK OF THE COURT

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| TYDEL JOHN,<br><br>PETITIONER<br><br>V.<br><br>WYNNIE TESTAMARK, DIRECTOR OF THE U.S VIRGIN ISLANDS BUREAU OF CORRECTIONS, GOVERNMENT OF THE VIRGIN ISLANDS, ET AL.,<br><br>RESPONDENTS | SX-19-MC-33<br><br>PETITION FOR WRIT OF HABEAS CORPUS |

### Cite as: 2021 VI SUPER U96

**Mr. Tydel John, #14-3826**
CCA/Citrus County Detention Facility
#2604 West Woodland Ridge Dr.
Lecanto, Florida 34461

**Attorney Ian S.A. Clement, Esq.,**
Assistant Attorney General
Virgin Islands Department of Justice
#34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, USVI 00802

### MEMORANDUM ORDER

¶ 1.     **THIS MATTER** is before the Court on the Petition of Tydel John (hereinafter "Petitioner") seeking a Writ of Habeas Corpus. Because the Petitioner has failed to allege facts which show that he is being unlawfully restrained in violation of a constitutional or statutory right, the petition is **DENIED**.

## FACTUAL BACKGROUND

¶ 2.    In December 2007 Petitioner was arrested and subsequently charged in an information with various offenses relating to sexual conduct involving minors. After a trial conducted from August 28, 2012, through September 14, 2012, a jury found the Petitioner guilty of six counts of First Degree Unlawful Sexual Contact; one count of First-Degree Aggravated Rape and one count of Child Abuse. Petitioner filed a motion for judgment of acquittal which the Court granted in part by dismissing the other Child Abuse charges but denied with respect to all other counts. The Court sentenced the Petitioner to fifteen (15) years incarceration on each of the convictions for First Degree Unlawful Sexual Contact and fifty (50) years incarceration on the conviction for First Degree Aggravated Rape. One count of Unlawful Sexual Contact was held in abeyance to be dismissed upon completion of the sentence pursuant to *Tit. 14 V.I.C. § 104.* The sentences for the Unlawful Sexual Contact were to be served concurrently and were also to run concurrent with the sentence for First Degree Aggravated Rape. The Court's sentence was memorialized in an order of Judgment and Commitment entered on June 20, 2014. Petitioner appealed his conviction and sentence to the Virgin Islands Supreme Court. The Supreme Court, in a memorandum opinion issued on September 24, 2015, affirmed the conviction and sentence, but

noted that due to a scrivener's error the Judgment and Commitment order misidentified the sentence imposed for count 7, Unlawful Sexual Contact, as the sentence imposed for count 3, Child Abuse, and failed to state that count 8, Child Abuse, was dismissed.

¶ 3.    In response to the Supreme Court's finding of error, the Superior Court entered an amended order of Judgment and Commitment on June 6, 2016, Nunc Pro Tunc June 20, 2014.

¶ 4.    Petitioner began serving his sentence at the Golden Grove Correctional Facility and was later transferred to Citrus County Detention Facility where he is currently incarcerated. Petitioner filed this petition for Writ of Habeas Corpus alleging that the Virgin Islands Bureau of Corrections ("BOC") has miscalculated his credits for pretrial detention and parole eligibility date, thereby depriving him of his liberty to parole eligibility.

## THE LEGAL STANDARD

¶ 5.    Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever may prosecute a writ of habeas corpus, to inquire in into the cause of such imprisonment or restraint. *Tit. 5 V.I.C. §1301.*

¶ 6.    Title 5 §4601 of the Virgin Islands Code provides:

"Except for a prisoner sentenced to a term of life imprisonment without parole, every prisoner confined to any penitentiary, jail or prison for a violation of Virgin Islands Law for a definite term or terms

of over 180 days or for the term of his natural life, whose record of conduct shows that he has observed the rules of the institution in which he is confined, upon recommendation of the Director of the Bureau of Corrections supported by the recommendation of a psychiatrist and/or psychologist, may be released on parole after serving one half of such term or terms or after serving fifteen (15) years of a life sentence or of a sentence of thirty (30) years or more or after serving minimum sentence required by law, whichever is greater; provided, however, that the Board of Parole, in its discretion by at least a two thirds affirmative vote of all its members, upon recommendation by the Directors of the Bureau of Corrections, supported by the recommendation of a psychiatrist and/or physiologist, is authorized to fix an earlier eligibility date for the release of a prisoner on parole after serving one third of his term or terms or after serving ten (10) years of a life sentence or of a sentence of thirty (30) years or more."

¶ 7.    The Court must issue an order granting a writ of habeas corpus if the petitioner has alleged, prima facie grounds showing entitlement to relief and the claims are not legally barred. *V.I. Hab. Corp. R.* 2(d)(1). A petition states a prima facie case if it alleges facts, which if true, entitle the petitioner to relief. *V.I. Hab. Corp. R.* 2(b)(1).

## ANALYSIS

### A. Section 4601 Does Not Create a Right to Parole

¶ 8.    Under Virgin Islands law, habeas corpus is available to provide redress for unlawful confinement or restraint of liberty in violation of an individual's Constitutional or statutory rights. In order for a writ of habeas corpus to be granted, the Petitioner must show deprivation of a constitutional or statutory created right; and such deprivation imposes an unlawful restraint on his liberty. Here, the Petitioner alleges that the

miscalculation of his parole eligibility date constitutes a deprivation of his right and places an unlawful restraint on his liberty. More particularly, the Petitioner states that the BOC has calculated his parole eligibility date in a manner which makes him eligible for parole after having served twenty-five (25) years or half of his fifty (50) year sentence rather than after having served fifteen (15) years of a sentence of thirty (30) years or more. Section 4601 states that "a person may be released on parole after serving half the term of his sentence or after serving 15 years of a life sentence or a sentence of 30 years or more or after serving the minimum sentence required by law whichever is greater." *5 V.I.C. § 4601.* Apparently, the BOC interprets the statute in a way that allows the BOC to choose the greater of all the available options. This Court agrees, that, to the extent that the BOC applies this formula to calculate the Petitioner's parole eligibility date, it is inaccurate. A prisoner sentenced to a term of more than 30 years of imprisonment will become eligible for parole after serving 15 years unless the crime of which he or she is convicted carries a greater minimum penalty. *Martinez v. Gov't of the V.I.,* 2016 V.I. LEXIS 201, at *10 (Super. Ct. 2016). (finding that the interpretation of the statute which allows the BOC to apply a formula by which it chooses the greater of the three options for determining parole

eligibility, leads to results that are inconsistent with the intent of the Legislature[1]).

¶ 9.     The Petitioner has no constitutional or statutory right to parole. The Virgin Islands Supreme Court has held that the Virgin Islands statutory mechanism for parole eligibility does not create a right to be released on parole. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Smith v. Employees of the Bureau of Corrections*, 64 VI 383, 386 (VI 2016); (citing *Greenholtz v. Inmates of Nebraska Penal & Correction Complex*, 442 US 1,7 (1979). The Court further states a right for parole review or eligibility may be created by statute, but the statute must be mandatory rather than discretionary. *Id* at 387. The Court concluded that *section 4601* is discretionary and not a mandate to the BOC to determine and grant parole.

¶ 10.     It is clear that section *4601* gives the BOC the discretion to determine whether a prisoner has met the good conduct requirements and has served the portion of his sentence in a manner that meets parole eligibility requirements. Under *Section 4601* parole eligibility is subject to the recommendation of the Director of the Bureau of Corrections

---

[1] In *Martinez* the Court noted that the formula whereby the Bureau chooses the greater of half of the sentence, 15 years of a sentence of 30 years or more and the minimum sentence required by law would make the 15-year eligibility provision useless and lead to absurd results. For instance, every sentence greater than 30 years would lead to a calculation beyond the 15-year eligibility provision. Moreover, a prisoner sentenced to life will become eligible for parole after 15 years, but a prisoner sentenced to a term of greater than 30 years for a less egregious offense will not be eligible for parole in 15 years. The legislature could not have intended these inconsistent results.

supported by the recommendation of a psychiatrist and/or psychologist. The statute does not create a right to parole eligibility or review but grants corrections officials the discretion to determine parole eligibility. Therefore, Petitioner cannot claim the deprivation of such a right.

## B. The Facts do not Support Unlawful Confinement or Restraint.

¶ 11.    Petitioner is in the custody of the BOC serving a lawful sentence pursuant to his conviction for criminal offenses. Petitioner seeks habeas corpus relief on the premise that BOC's miscalculation of the time of his pretrial detention and his parole eligibility date constitutes an unlawful restraint on his liberty. Even if the Court were to require BOC to calculate the date that Petitioner could be eligible for parole based on the serving of 15 years with credit for time served in pretrial detention, Petitioner will still not be eligible for a parole hearing until the Director recommends it. To be eligible for parole, Petitioner must satisfy certain statutory requirements which include the official determination of his good conduct and the recommendation of the Director. These are the requirements which trigger Petitioner's parole eligibility and not the term of Petitioner's sentence or the amount of time he has served on his sentence. Accordingly, Petitioner's claim of the denial of a right and an unlawful restraint on his liberty by an inaccurate parole eligibility

calculation, does not mature until the statutory requirements have been satisfied.

¶ 12.    Incidentally, Petitioner does not allege that he has met the requirements which trigger his parole eligibility so that the BOC's miscalculation is the only restriction to his access to a parole hearing. Therefore, Petitioner is not entitled to a writ of habeas corpus because he has failed to allege facts that would establish that he has a right to a parole hearing or to be considered for parole. *Edwards v. Mullgrav*, 2017 V.I. LEXIS 139, at *9 (Super. Ct. 2017)

## C. Petitioner Has Not Served the Time to Trigger Parole Eligibility

¶ 13.    Quite apart from the fact that Petitioner has failed to satisfy the statutory prerequisites which would qualify him for parole consideration, Petitioner has not served the necessary time on his sentence. Petitioner began serving his sentence on or about September 14, 2012. Up to this point, Petitioner would have served approximately nine years of the sentence. Petitioner claims four years, two months, and eight days as credit for time served in pretrial detention. Even with credit for time served according to Petitioner's calculation, Petitioner would not have served the portion of his sentence that would statutorily make him eligible for parole review[2]. Since Petitioner's eligibility for parole review

---

[2] The facts essential to an accurate calculation of the Petitioner's time in pretrial detention are not available to the Court. Therefore, the Court makes no finding on the accuracy of Petitioner's calculations.

has not materialized under the provisions of the statute, it cannot be said that Petitioner is confined under an unlawful restraint. Petitioner's claim is that the BOC's calculations are inaccurate. If that claim is correct, Petitioner may pursue other means of challenging the inaccuracy. Petitioner's claim is not a proper subject for habeas corpus relief.

## Conclusion

¶ 14.    The crux of the Petitioner's claim is that the BOC has inaccurately calculated his time in pretrial detention and has determined that he is eligible for parole review after serving half his sentence which amounts to twenty-five (25) years. Petitioner contends that these inaccuracies constitute a restraint on his parole eligibility because he is eligible for parole after serving fifteen (15) years. *Tit. 5 V.I.C. § 4601* permits the BOC to determine parole eligibility based certain factors which include good behavior credits and the recommendation of the Director. Even if Petitioner's allegations are true, there is nothing to indicate that the Bureau of Corrections is unlawfully restricting the Petitioner of his liberty through the violation of a constitutional or statutory right. Petitioner failed to state a prima facie case, showing an entitlement to Habeas Corpus relief.

Accordingly, it is

**ORDERED,** that the petition for Writ of Habeas Corpus is hereby **DENIED**.

**DONE AND SO ORDERED** this 22nd day of September 2021.

_____
**HONORABLE JOMO MEADE**
JUDGE OF THE SUPERIOR COURT

**A T T E S T:**

**TAMARA CHARLES**
Clerk of the Court

By: _____
Court Clerk
9/23/2021